# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

michael@faillacelaw.com

November 13, 2020

**VIA ECF**
Hon. Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      **Re:**    **Melchor v. Milano Market Place, Inc., et al.; 19 CV 11277 (MKV)**

Dear Judge Vyskocil:

Your Honor:

      This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

      Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Plaintiff contends that he was an employee of Defendants at their market, "Milano Market". Plaintiff alleges Defendants maintained a policy and practice of requiring Plaintiff (and upon information and belief, other employees) to work in excess of forty hours per week without paying him the minimum wage and overtime compensation required by federal and state laws. Specifically, Plaintiff alleges he was employed by Defendants as a delivery worker for approximately a year. Plaintiff further alleges throughout his employment he was paid a fixed cash salary, rather than an hourly rate, in contravention of labor laws.

Defendants categorically deny all allegations of wrongdoing as alleged by Plaintiff in the Complaint. Specifically, Plaintiff only worked for one of the defendants, to wit, "Rocky 123, Inc." (d/b/a Milano Market) located at 2892 Broadway in Manhattan, seven (7) hours a day, six (6) days a week (for a total of 42 hours per week) for approximately five (5) weeks in October and November 2019 doing miscellaneous cleaning duties at the market along with deliveries to Columbia University (a customer of Milano Market) in which he was paid his proper minimum wages and overtime pay for all hour worked, along with tips. Additionally, none of the other defendants are proper parties in this matter as they never employed Plaintiff.  Lastly, Defendants contend that none of the individual defendants ever had managerial control nor directly affected the nature and conditions of Plaintiff's employment.

2. **Settlement Terms**

Plaintiff alleges Defendants are liable for damages of $55,962 (including unpaid wages of $22,388 and other related damages, but excluding attorneys' fees).  The parties have agreed to settle this action for the total sum of $20,000.  The settlement shall be paid in six installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims.  Defendants strongly contested the time period that Plaintiff claimed he worked.  While Defendants did not produce employment records, they indicated that they had several witnesses willing to testify Plaintiff worked for a much shorter period than he alleged.  Plaintiff recognized that if this testimony was credited by the Court, it would pose a serious threat to his recovery at trial.

In addition, Defendants evidenced that they were financially strained by outlining their current arrears and the damage that the pandemic and shutdown had done to their business.  This information contributed to Plaintiff's decision to settle because he understood that even if he were to obtain a judgment, collecting it would be difficult.

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Page 3

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $6,666.67 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $5,335. A copy of Plaintiff's billing record is attached as "Exhibit B." Plaintiff's counsel is asking for 1.25 times their lodestar; the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiff in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

    i.    My work is billed at the rate of $450 per hour, which is my standard billing rate for matters paid on an hourly basis. I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

    ii.    Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., and is billed at the rate of $375 per hour. This is his standard rate for matters on which he is paid at an hourly rate. He graduated from Fordham Law School in 2012. Following

{00036049 - 1}

Page 4

        law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015.

        iii.    Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $125 per hour.

        Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                Respectfully submitted,

                                /s/Michael Faillace
                              Michael Faillace
                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                              Attorneys for the Plaintiff

Enclosures

{00036049 - 1}